The following constitutes the
Memorandum Decision of the Court.
Signed October 02, 2011

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re                                          No. 11-45176 WJL
                                               Chapter 13
Tarek A. Nada,

       Debtor.
_____/

### MEMORANDUM OF DECISION

Before the court is Tarek A. Nada's (herein the "Debtor") motion for damages against the State Board of Equalization (herein the "Board") pursuant to section 362(k) of the Bankruptcy Code for willful violation of the stay for refusing to release and applying funds remitted to it by the Debtor's bank pursuant to a notice of levy. The motion was opposed by the Board, and the matter came on for hearing on July 14, 2011. At the hearing, the court requested further briefing and the matter was continued to August 31, 2011 for further argument. After considering the arguments of the parties, both oral and written, and relevant case authority, the Debtor's motion for damages for violation of the stay will be denied.

### SUMMARY OF FACTS

The relevant facts of this matter are not in dispute. On May 12, 2011, the Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code. Prior to the petition date, on April 28, 2011, the

Board issued a notice of levy on the accounts of the Debtor as well as the community property accounts belonging to Ms. Faiza Nawa, the Debtor's spouse, to collect on outstanding tax liability of the Debtor.[1] The levy stated that it was "intended to reach any and all community property interest" of the Debtor pursuant to Family Code § 910(a). The notice of levy was issued on two Bank of America checking accounts, one solely in the name of Ms. Nawa (account ending in "3634") and the other held jointly by the Debtor and Ms. Nawa (account ending in "4443"), and a Wells Fargo account in the name of both the Debtor and Ms. Nawa. The Board's notices of levy caused a total of $4,923.89 to be withheld from the two Bank of America accounts—$3,484.19 from the account ending in 3634 and $1,439.70 from the account ending 4443.

The funds subject to dispute are the $3,484.19 levied from the account ending in 3634 in which Ms. Nawa is the sole name on the account. Due to statutory restrictions requiring a levying officer to wait a period of 15 days before releasing levied funds in an account in the name of a person other than the debtor, as of the date the Debtor filed for bankruptcy protection, the funds had not yet been released to the Board and applied to the Debtor's outstanding tax liability. At the time of filing, Debtor included the Board on the creditors' matrix and provided it with notice of the bankruptcy. Despite this notice, the Board, after waiting the prescribed statutory waiting period, proceeded to collect and apply the funds to the Debtor's outstanding tax liability post-petition.

The Debtor asserts that the Board violated the automatic stay by applying the funds post-petition, because the $3,484.19 in levied funds constituted property of the estate by virtue of being community property in which the Debtor retained an interest at the time of filing. By applying the funds post-petition, the Debtor asserts that the Board took an action to collect against property of the estate and willfully violated the automatic stay. Based on this violation, the Debtor seeks $1,500 in damages pursuant to § 362(k) of the Bankruptcy Code, plus attorneys' fees and costs. The Board asserts that its actions did not violate the stay because the pre-petition notice of levy divested the Debtor of any

---

[1] The amount of Debtor's tax liability is not a subject of dispute.

2

Case: 11-45176    Doc# 50    Filed: 10/02/11    Entered: 10/03/11 09:36:39    Page 2 of 7

property interest in the levied funds. As a result, the Board's act of applying the funds to the Debtor's tax liability post-petition did not violate the stay.

## DISCUSSION

The issue before the court is whether the funds in Ms. Nawa's bank account on the day the Debtor filed bankruptcy were property of the estate. Property of the estate includes all legal or equitable interests of the debtor in property, wherever located and by whomever held, as of the commencement of the case. 11 U.S.C. § 541(a)(1). Property of the estate also includes "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is— (A) under the sole, equal or joint management and control of the debtor; or (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable." 11 U.S.C. § 541(a)(2).

Although the Bankruptcy Code defines property of the estate, it does not determine whether a debtor holds a legal or equitable interest in property. The determination of whether a debtor holds a property interest is most often determined by nonbankruptcy law. *See Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 451 (2007) (quoting *Butner v. United States*, 440 U.S. 48, 55 (1979)). In order to determine whether the Debtor held a legal or equitable interest in the levied funds as of the date of the petition, this court must look to California law.

Section 6703 of the California Revenue and Taxation Code allows the Board to serve on a custodian bank a notice of levy to attach to bank accounts in order to satisfy an outstanding retail tax deficiency. The notice of levy has the same effect as a levy pursuant to a writ of execution. Cal. Rev. & Tax. Code § 6703(a). Where the account being levied is in the name of a person other than the debtor, as is the case here, § 488.465(c) of the California Code of Civil Procedure gives a third party the right to assert a claim against the funds (i.e., a right distinct from the debtor's rights). Pursuant to § 488.465(c) of the California Code of Civil Procedure, in any case where a deposit account is in the name of a person other than the debtor, the levying officer may not require the financial institution to

3

pay the amount levied until the expiration of 15 days after service of notice of attachment on the third person.

The seminal case in this area for deciding the issue before the Court is the Supreme Court's decision in *United States v. Whiting Pools*, 462 U.S. 198 (1983). In that decision, the Court addressed whether the debtor retained a property interest in a truck seized by the IRS pursuant to a levy and in the possession of the IRS as of the petition date. In finding that the truck was property of the estate and subject to turnover under § 542(a) of the Code, the Court held that a tax payer who holds a right of redemption against seized property under the Internal Revenue Code retains an interest in the property until the right of redemption is extinguished. *See id*. at 211. In other words, the levy merely transferred possession of the truck to the IRS and did not determine ownership of the vehicle. *Id*. "Ownership of the property is transferred only when the property is sold to a bona purchaser at a tax sale." *Id*. (citations omitted).

Since *Whiting Pools*, courts have grappled with the scope of the Court's holding, due in part to the dictum in the opinion stating that, "if a tax levy or seizure transfers to the IRS ownership of the property seized, § 542(a) may not apply." *Id*. at 209. Some courts have found that the rationale of *Whiting Pools* does not apply when the property seized is "intangible" property, such as cash or accounts receivable. *See, e.g., Rose v. Commercial Nat'l Bank (In re Rose)*, 112 B.R. 12 (Bankr. E.D. Tex. 1989). These Courts reason that the concept of redemption has no meaning when the property being seized is cash or its equivalent, because once seized, no further collection action is necessary. *See id.* at 14. Ultimately, in the case of a levy against intangible property such as cash, a notice of levy divests the debtor of all interests in the property seized. *See id.* at 15 (citing *United States v. Eiland*, 223 F.2d 118, 121-22 (4th Cir. 1955)). In contrast, other Courts have found that the type of property levied is irrelevant to the determination of whether the debtor retains an interest in the property, and that the pertinent question is whether the debtor retains a remedy by which to dispute the legitimacy of either the levy or the underlying tax. *See, e.g., Sanchez v. United States (In re Sanchez)*, Adv. no. 95-5350, 1996 Bankr. LEXIS 1549, at *11 (Bankr. N.D. Cal. 1996).

This court finds more persuasive the latter line of cases. The issue of whether the debtor retains a property interest in seized property should not turn on whether the property is tangible or intangible, but rather on whether a mechanism exists, as of the petition date, by which the debtor can challenge the levy or recover the seized property. Where a debtor retains a right to dispute a levy or recover the property, whether tangible or intangible, as of the petition date, the debtor holds a cognizable interest in the property and it becomes property of the estate and subject to the automatic stay.

In arguing that the Board violated the stay by applying the levied funds post-petition, the Debtor in this case points the Court to the analysis in *Sanchez* and § 488.465(c) of the California Code of Civil Procedure, which imposes a 15 day waiting period before a levying officer can instruct a financial institution to remit funds held in an account in the name of a person other than the debtor. Based on *Sanchez*, the Debtor asserts that the notice of levy, in and of itself, did not determine ownership of the funds seized from Ms. Nawa's account. Moreover, the Debtor asserts that, as of the petition date, he retained a property interest in the seized funds by virtue of the operation of § 488.465(c) of the California Code of Civil Procedure. Specifically, because the 15-day waiting period had not expired and the levied funds were still in the possession of the financial institution as of the petition date, ownership of the levied funds had not yet vested in the Board.

While agreeing with the analysis in *Sanchez*, the Court concludes that the Debtor's reliance on *Sanchez* is misplaced because *Sanchez*—though well reasoned—is factually distinguishable. In *Sanchez*, the Court's reasoning relied heavily on the fact that IRS procedures provided mechanisms by which a tax payer could assert a right to a return of the funds post-levy. *See Sanchez*, 1996 Bankr. LEXIS 1549, at *11-12. The California statutory scheme contains no equivalent to the IRS statutory scheme whereby a debtor can assert a right to a return of the funds post-levy. Although § 488.465(c) of the California Code of Civil Procedure provides a mechanism by which a third party can assert a claim to the levied funds, no such right is given to the debtor. This Court fails to see how a third

5

party's right to assert an interest in levied funds can cause the debtor to retain an interest in the funds.[2] Under California's statutory framework, a debtor is divested of any interest in the funds as of the date of the notice of levy. The notice of levy has the same effect as a levy pursuant to a writ of execution. Cal. Rev. & Tax. Code § 6703(a).

Because the Debtor did not have a cognizable interest in the funds as of the petition date, this Court holds that the Board did not violate the stay by applying the funds remitted to it post-petition.

## CONCLUSION

Based on the foregoing, the Debtor's motion for damages against the Board for violation of the automatic stay is denied. Counsel for the Board is hereby instructed to submit a proposed form of order in accordance with this decision.

IT IS SO ORDERED.

\*\*END OF DOCUMENT\*\*

---

[2] In response to the Board's levy, and prior to the Debtor's bankruptcy, Ms. Nawa filed a third party claim against the levied funds, claiming, consistent with the purpose and effect of § 488.465(c) of the California Code of Civil Procedure, that the funds were her separate property. Post-petition the Debtor and Ms. Nawa contend that the funds are community property, which is consistent with the Debtor's claim of a stay violation. In the papers submitted by the Debtor in this matter, the Debtor does not argue that the exception of § 488.465 pertains to the debtor or enlarges the debtor's rights regarding a levy. And at oral argument, the Debtor conceded both that the process provided for allowing a third party to assert a claim to levied funds did not protect the Debtor or enlarge his rights as to the funds, and that the Debtor does not have any other basis to contest the effectiveness of the levy. Rather, the Debtor asserted that, because the Board had not established an absolute right to the funds as of the petition date, the Debtor must somehow retain an interest in the levied funds, a proposition for which the court found no support.

COURT SERVICE LIST

Robert L. Goldstein
Law Offices of Robert L. Goldstein
100 Bush St. #501
San Francisco, CA 94104

Dana L. Flanagan-McBeth
Tax Counsel III
450 N. Street, MIC 82
Sacramento, CA 95814

7